DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Tammy M. Tyras has appealed from an order of the Lorain County Domestic Relations Court that designated Appellee Brian Tyras as the primary residential parent of the parties' three minor children. This Court reverses and remands the matter for further proceedings.
 I.
On May 15, 1997, Appellant and Appellee were granted a divorce. A shared parenting plan was agreed to by the parties and incorporated into the divorce decree. Subsequently, Appellee filed a motion to modify the shared parenting plan to designate him as the sole residential parent and to decrease the amount of time the children would spend with Appellant. After the trial court conducted a hearing on the issue, it terminated the shared parenting plan, rejected Appellee's proposed plan, and created and ordered into effect its own new shared parenting plan. This Court reversed the decision of the trial court, holding that the court-created shared parenting plan violated R.C. 3109.04(D)(1)(a)(ii). See Tyras v.Tyras (June 14, 2000), Lorain App. No. 99CA007301, unreported, at 3.
On July 12, 2000, the trial court issued a new order incorporating its ruling upon Appellee's original motion. In essence, the trial court again terminated the original shared parenting plan and designated Appellee as the primary residential parent of the parties' minor children. Appellant timely appealed, asserting three assignments of error.
 II. Assignment of Error Number One The trial court erred and abused its discretion by entering it's July 12, 2000 decision without the benefit of the filing of a new motion to modify and/or terminate as the previous order of this Court was reversed without remand.
In her first assignment of error, Appellant has argued that the trial court exceeded the ruling of this Court's decision. Specifically, Appellant has asserted that the trial court had no authority to issue a new order when the parties did not file a new motion to modify or terminate parental rights. This Court disagrees.
In the prior appeal, this Court first acknowledged that the trial court terminated the original shared parenting plan. See Tyras, supra, at 2. Next it proceeded to review the trial court's actions under the standards for allocating parental rights and responsibilities. See id. at 3. This Court then held that the court-created shared parenting plan violated R.C. 3109.04(D)(1)(a)(iii). See id. Consequently, it was mandatory for the trial court to "proceed and issue a modified decree for the allocation of parental rights and responsibilities for the care of the children under the standards applicable under divisions (A), (B), and (C) of this section as if no decree for shared parenting had been granted and as if no request for shared parenting ever had been made." R.C.3109.04(E)(2)(d). Because R.C. 3109.04(E)(2)(d) requires the trial court to allocate parental rights once a shared parenting plan is terminated, Appellant's first assignment of error is overruled.
 Assignment of Error Number Two The [trial] court abused its discretion and committed prejudicial error in terminating the shared parenting plan, without notice, (sic) after the decision in case number 99 CA 007301 in order to terminate the shared parenting plan.
In her second assignment of error, Appellant has argued that the trial court's actions infringed upon her Due Process rights when it issued a new order, dated July 12, 2000, without first informing the parties of its intentions. Essentially, Appellant has asserted that the trial court did not provide her with an opportunity to submit new evidence. In response, Appellee has cited Helms v. Helms (Helms II)(Mar. 24, 1999), Summit App. No. 19106, unreported, for the proposition that the trial court did not violate Appellant's Due Process rights when it failed to hold a hearing to allow the introduction of new evidence. His argument is misplaced.
In Helms I, this Court held that the trial court improperly imposed a shared parenting plan because neither party had moved for one. Helms v.Helms (Helms I) (Sept. 10, 1997), Summit App. No. 18142, unreported, at 4-5. This Court remanded the matter to the trial court to reconsider the custody rights of the parties. Upon remand, the trial court conducted a hearing to determine the custody issue. At the hearing, the trial court explained to the parties that it would award sole custody to one of the parties or adopt a shared parenting plan if one was submitted. The trial court granted a recess to allow the parties time to discuss their options. Following the recess, Ms. Helms requested that the trial court adopt the shared parenting plan that the trial court had previously imposed. Mr. Helms argued that the trial court should hold a hearing and take evidence to decide whether the plan was in the best interests of the children. The trial court denied Mr. Helms' request and adopted the shared parenting plan. Mr. Helms appealed, and this Court held that the passage of one or two years from the trial court's initial determination did not require it to retry the issue of the children's best interest and receive additional evidence. Helms II, supra, at 6-7.
In the case at bar, the record reveals that the trial court entered a new judgment on July 12, 2000, which allocated parental rights without first holding a hearing to explain the options to the parties. In order to protect the parties' Due Process rights, the trial court should have held a hearing to provide the parties with an opportunity to make any requests before entering a new judgement. See Helms II, supra, at 7. Based on the forgoing, this Court sustains Appellant's second assignment of error.
 Assignment of Error Number Three The "evidence" before the trial court is of such a nature as to be an abuse of discretion against the manifest weight of the evidence in contrary to law as there has been no change in (sic) circumstances alone (sic) a substantial change of circumstances that would warrant abandoning (sic) of (sic) the previous shared parenting plan for the best interest and welfare of the minor children.
In her third assignment of error, Appellant has argued that the decision of the trial court was against the weight of the evidence. Based on this Court's determination of Appellant's second assignment of error, her third assignment of error is moot. App.R. 12(A)(1)(c).
 III.
Appellant's first assignment of error is overruled. Her second assignment of error is sustained, and her third assignment of error is moot. The trial court's judgment is reversed, and the cause remanded so the trial court can conduct a hearing at which the parties may move to supplement the record with additional evidence and request either a new shared parenting plan or a modification of parental rights.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed equally to both parties.
Exceptions.
 ___________________________ BETH WHITMORE
SLABY, P. J., CARR, J., CONCUR.